

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **MURIEL GOODE-TRUFANT** | **LAW DEPARTMENT** | **MARY O'FLYNN** |
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | *Senior Counsel*<br>moflynn@law.nyc.gov<br>Phone: (212) 356-2352 |

June 17, 2025

**By ECF**
Judge Dale E. Ho
United States District Court
Southern District of New York
40 Foley Street
New York, New York 10007

Re: *Joseph Goldstein v. Lawrence H. Newman et. al.,* 25-CV-04118 (DH)

Your Honor:

      I am a Deputy Chief in the Special Federal Litigation Division of the New York City Law Department. I write on behalf of this office to respectfully request a *sua sponte* sixty day enlargement of time, until August 18, 2025, for the individually named defendants[1] to answer or otherwise respond to the complaint. Should the Court grant this request, this office also respectfully requests a corresponding adjournment of the initial conference, currently scheduled for July 10, 2025 at 12 p.m., to a later date and time convenient to the Court after the answer deadline. Plaintiff's counsel consents to these requests.

      Plaintiff alleges, inter alia, that he was falsely arrested and maliciously prosecuted. Specifically, he claims his former spouse used her position in the Manhattan District Attorney's Office to bring false charges against him. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we will need time to investigate the allegations set forth in the complaint. Because the complaint asserts that plaintiff's criminal case was dismissed, we will require an executed unsealing release, pursuant to New York Criminal Procedure Law § 160.50, from plaintiff in order to obtain any of the underlying arrest records and criminal court

---

[1] The City of New York is not a named defendant in this action. To date, we understand Lawrence Newman has been served in the action. We have also been informed, by counsel, that Rachel Lutz and Carmen Fabian were recently served and that a waiver of service was sent to Amanda Goun. However, no affidavits of service have been uploaded to the docket.

documents. Once the unsealing release is received it will take some time to request, obtain and review the records.

An enlargement of time will also allow this office the opportunity to determine representation of the individually named defendants. Plaintiff has named several employees and a former employee of the Manhattan District Attorney's Office as well as two NYPD Officers as defendants. Pursuant to Section 50-k of the New York General Municipal Law, and based upon a review of the facts, this office must determine whether we may represent each individually named defendant. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Due to the unique nature of the allegations made in this case, the representation decision may require more time than other cases.

In light of the above, this Office respectfully requests that the Court *sua sponte* extend the time for the individually named defendants to answer or otherwise respond to the complaint to August 18, 2025. This Office further respectfully requests a corresponding adjournment of the initial conference currently scheduled for July 10, 2025.

Thank you for your consideration of this request.

Respectfully submitted,

/s/*Mary O'Flynn*
Senior Counsel
Special Federal Litigation Division

Cc: All counsel by ECF