## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JOSEPH GOLDSTEIN,

  *Plaintiff,*

v.

LAWRENCE H. NEWMAN, KELLY
KEATING, AMANDA GOUN, RACHEL
LUTZ, and CARMEN FABIAN,

    *Defendants.*

No. 25-CV-4118 (DEH)

**ORAL ARGUMENT REQUESTED**

## DEFENDANT AMANDA GOUN'S REPLY IN SUPPORT OF HER MOTION TO DISMISS THE AMENDED COMPLAINT AND TO STRIKE ALLEGATIONS CONCERNING SEALED MATERIAL FROM THE PARTIES' DIVORCE PROCEEDING

Eric S. Rosen
Jamie Hoxie Solano
Tyler Finn
**DYNAMIS LLP**
11 Park Place, 4th Floor
New York, New York 10007
Tel: (617) 802-9157
Email: erosen@dynamisllp.com
Email: jsolano@dynamisllp.com
Email: tfinn@dynamisllp.com

Rena Paul
The Paul Firm
347 Fifth Avenue, Suite 1402-496
New York, NY 10016
Tel: (917) 994-2693
Email: rena@thepaulfirm.com

*Attorneys for Defendant Amanda Goun*

## <u>TABLE OF CONTENTS</u>

ARGUMENT ...................................................................................................................... 2

I.      Amanda Goun Did Not Exercise State Power.................................................... 2

II.     There Are No Plausible Allegations of "Joint Action". .................................... 3

III.    Multiple State Actors Independently Authorized Goldstein's Prosecution. .............. 6

IV.     Domestic Relations Abstention Is Appropriate.................................................... 7

V.      New York's Judiciary Law Does Not Apply Here................................................ 8

VI.     The State Conspiracy Claim Should Be Dismissed As Duplicative. ......................... 9

VII.    The Court Lacks Jurisdiction Over the Theft Claims............................................ 9

VIII.   Confidential Allegations From Divorce Proceedings Should Be Stricken. .............. 10

CONCLUSION .............................................................................................................. 10

## **TABLE OF AUTHORITIES**

**CASES**

*American Airlines, Inc. v. Block*, 905 F.2d 12 (2d Cir.1990)............................................7

*Anilao v. Spota*, 774 F. Supp. 2d 457 (E.D.N.Y. 2011). ..............................................4-5

*Back v. Hastings on Hudson Union Free Sch. Distr.*, 365 F.3d 107 (2d Cir. 2004)....................3

*Bang v. Utopia Restaurant*, 923 F. Supp. 46 (S.D.N.Y. 1996). .....................................5

*Broder v. Cablevision Sys. Corp.*, 418 F.3d 187 (2d Cir. 2005) ...................................8

*Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83 (S.D.N.Y. 2021)................................9

*Deem v. DiMella-Deem*, 941 F.3d 618 (2d Cir. 2019)................................................8

*Defalco v. MTA Bus Company*, 788 F. App'x 43 (2d Cir. 2019) .....................................3

*Evans v. Adams*, 714 F. Supp. 3d 119 (E.D.N.Y. 2024). .........................................7, 8

*Fisk v. Letterman,* 401 F. Supp.2d 362 (S.D.N.Y. 2005).........................................3, 4

*Friedman v. New York City Administration for Children's Services*, 2005 WL 2436219 (E.D.N.Y. Sept. 30, 2005)......................................................................5

*Harris v. Tioga County*, 663 F. Supp. 3d 212 (N.D.N.Y. 2023)....................................5

*Mazza v. Hendrick Hudson Cent. Sch. Dist.*, 942 F. Supp. 187 (S.D.N.Y. 1996). ....................10

*Merrill v. Copeland*, 2020 WL 3545556 (N.D.N.Y. June 30, 2020) .................................3

*Monsky v. Moraghan*, 127 F.3d 243 (2d Cir. 1997).................................................3

*Rosario v. Amalgamated Ladies' Garment Cutters' Union, Local 10, I.L.G.W.U.*, 605 F.2d 1228 (2d Cir. 1979). ...............................................................................10

*Ruchinsky v. Devack*, 2014 WL 2157533 (E.D.N.Y. May 23, 2014) .................................8

*Schottel v. Kutyba*, 2009 WL 230106 (2d Cir. Feb. 2, 2009)......................................7

*Sobel v. Prudenti*, 25 F. Supp. 3d 340, 353 (E.D.N.Y. 2014) ....................................8

*Tacopina v. Kerik*, 2016 WL 1268268 (S.D.N.Y. Mar. 31, 2016),..................................8

*Townes v. City of New York,* 176 F.3d 138 (2d Cir. 1999). ......................................6

*Young v. Suffolk County*, 705 F. Supp. 2d 183 (E.D.N.Y. 2010). .................................5

*Zappin v. Schorr*, 2023 WL 2601578 (S.D.N.Y. Mar. 22, 2023) ................................................. 10

**RULES**

New York Uniform Court Rule 202.5(e) ........................................................................... 10

This lawsuit should never have been filed. Plaintiff Joseph Goldstein has been fighting Defendant Amanda Goun in contentious divorce proceedings for over three years. Rather than accepting the rulings from those proceedings, Goldstein ran to federal court to file a public lawsuit that accuses his wife and children of lying and mischaracterizes sensitive material that would otherwise have remained under seal. Goldstein is not trying to vindicate his civil rights. He is trying to gain leverage in his divorce. This Court can prevent Goldstein from further abusing his family by dismissing his wife from this lawsuit for the reasons stated in Ms. Goun's motion.

Plaintiff fails to respond to the focal point of that motion: the disconnect between the facts alleged in his Complaint and his theory of liability. For Ms. Goun to be liable under Section 1983, Plaintiff must establish that she convinced state actors to knowingly pursue false charges against him. That theory cannot be squared with the allegations that multiple law enforcement officials concluded, independently of one another, that Plaintiff had broken the law. The responding officers determined that the correct charge was harassment, Compl. ¶ 104; Carmen Fabian concluded misdemeanor assault, *id.* ¶ 134; Rachel Lutz concluded felony assault, *id.* ¶ 178; and Jennifer Esposito concluded misdemeanor assault, *id.* ¶¶ 305, 309. None of these determinations relied wholly on Ms. Goun's accounts. Each law enforcement official reviewed independent corroborating evidence, including video footage of the incident. Those two facts—(1) consensus from three different agencies that Plaintiff's conduct merited prosecution and (2) the existence of independent evidence—are what distinguishes this Complaint from cases in which courts have found joint action. They also make Plaintiff's conspiracy theory implausible.

Plaintiff's opposition ignores these inconvenient facts. He tries to pretend away the video evidence by asserting that responding officers acted "solely on the basis of Goun's account." Opp. at 4 n.1. He ignores the allegation that Fabian "authorized and pursued the arrest and prosecution

of Mr. Goldstein" based on that evidence and "without speaking to Defendant Goun," Compl. ¶ 134. The opposition does not even *mention* Carmen Fabian. That silence speaks volumes. Plaintiff also fails to address the implausibility of the claim that Ms. Goun (or Lawrence Newman) had any influence over the Bronx DA's decision to prosecute him on misdemeanor charges in March 2023. *See* Mot. at 6-7, 11. Instead, he describes the Bronx DA as "independent prosecutors." Opp. at 1. The judgment of these actors not only severs any causal connection between Ms. Goun's conduct and Plaintiff's arrest and prosecution but also belies the claim of joint action.

This case is, at bottom, a regurgitation of arguments Plaintiff has unsuccessfully pressed in his pending divorce proceeding. Federal courts should not become havens for disputes that are, at their core, domestic in nature. Plaintiff's federal claims must be dismissed against Ms. Goun. His secondary state-law claims also fail, and nothing in the opposition establishes otherwise. Granting Ms. Goun's motion is not only the proper course of action legally—it will also prevent Plaintiff from further using the federal courts to gain leverage in his divorce proceedings and begin to put an end to Plaintiff's years-long abuse of his wife.

## ARGUMENT

### I.    Amanda Goun Did Not Exercise State Power.

Plaintiff asserts that there are "myriad" allegations of Ms. Goun acting with state power. Opp. at 5. Not so. The Complaint alleges exactly two facts that could be so construed: (1) Goun told the responding officers (and no one else) that she was an ADA, Compl. ¶ 94;[1] and (2) she made a phone call with a prosecutor within earshot of the responding officers, *id.* ¶¶ 124-131.[2]

---

[1] The Complaint expressly alleges that the responding officers were unmoved by this "invocation" of authority. Compl. ¶¶ 130-131.
[2] Plaintiff also claims that Newman and Ms. Goun "leverage[d] their respective positions" to pressure Lutz, citing to Paragraphs 155-243. Opp. at 6. There is not a single allegation in those paragraphs about Ms. Goun "invoking" her authority or doing anything other than providing police

Neither of those actions are the exercise of state power. Plaintiff's cases make this clear. Each involved a state employee who took an action at their place of work, in the course of their state employment, and made possible by that employment. *Back v. Hastings on Hudson Union Free Sch. Distr.*, 365 F.3d 107, 123 (2d Cir. 2004) (school administrators discriminating in their evaluations of a subordinate); *Defalco v. MTA Bus Company*, 788 F. App'x 43, 45 (2d Cir. 2019) (MTA employee conducting investigation on his "supervisor's instructions"); *Merrill v. Copeland*, 2020 WL 3545556, at *3-4 (N.D.N.Y. June 30, 2020) (state-facility administrator making false report while on duty); *Monsky v. Moraghan*, 127 F.3d 243, 246 (2d Cir. 1997) (judge was "acting within the courthouse" when he allowed his dog to harass plaintiff, which he was able to do only "because of his judicial status").

Here, by contrast, the Complaint does not allege that Ms. Goun took any action in the course of her employment as an ADA. Ms. Goun reported domestic crimes that took place in her own home and that were made possible only by her marriage to and occasional cohabitation with Plaintiff. Such "personal pursuits are plainly excluded" from state action. *Id.* at 245; *see Fisk v. Letterman,* 401 F. Supp.2d 362, 377 (S.D.N.Y. 2005).

## II.    There Are No Plausible Allegations of "Joint Action."

Plaintiff's claims of an illicit agreement between Ms. Goun and *any* of the various state actors who authorized his prosecution are not supported by the internally contradictory allegations in the Complaint. *See* Mot. at 6-10. The most glaring contradiction concerns Fabian, who "authorized and pursued the arrest and prosecution" of Plaintiff "without speaking to Defendant Goun." Compl. ¶ 134. The Bronx DA, which Plaintiff describes as "independent prosecutors,"

---

with her account as a crime victim. As to Newman, Lutz authorized Plaintiff's arrest on felony charges *before* she ever spoke with him—yet another point that Plaintiff ignores. *See* Mot. at 7 (citing Compl. ¶¶ 178, 204).

decided—without any alleged intervention from Ms. Goun, and four months after a single conversation with Newman—to prosecute Plaintiff on different charges. *Id.* ¶¶ 301-305. The opposition doesn't address any of these allegations, which contradict any claim of joint action. [3]

Plaintiff instead asserts that Ms. Goun took "*numerous, affirmative, aggressive and escalating steps*" to "ensure" his prosecution. Opp. at 9 (emphasis in original). That assertion finds no support in the Complaint, which alleges only that Ms. Goun called the police, described the incident to various responding officers, called a colleague for advice, filled out a domestic incident report pursuant to that advice, spoke with the detective assigned to the case, provided additional information to that detective, and then brought her children for interviews at Manhattan Child Advocacy Center. The Complaint does not allege that Ms. Goun took any steps in the *actual prosecution* of Plaintiff other than responding to the Bronx DA's discovery request in May 2023 and a conclusory allegation, made on information and belief, that Kelly Keating filed the misdemeanor information "in coordination" with her. Compl. ¶¶ 310, 324. Neither of those allegations suggests that law enforcement actors "were influenced in their choice of procedure or were under the control of a private party," as required to make a private complainant a state actor. *See Fisk,* 401 F. Supp. 2d at 377.

This unremarkable conduct stands in stark contrast to the allegations in Plaintiff's cases. In *Anilao v. Spota*, a group of corporate defendants pressured county prosecutors to conduct their own investigation "in the absence of any police involvement," after the police had concluded that

---

[3] Plaintiff argues that the law does not require that he allege a grand conspiracy. But that is the theory he pled in the Complaint. *See, e.g.,* Compl. ¶ 520 (Defendant Newman, Lutz, and Goun agreed to act in concert to fabricate evidence and information that would be forwarded to the prosecution and was likely to influence a jury). Moreover, Plaintiff must implicate each of the numerous state actors who authorized his prosecution to establish the requisite causal connection to Ms. Goun's conduct. *See infra,* at 6-7.

"no crimes had been committed," and after defendants had unsuccessfully sought similar relief against plaintiffs. 774 F. Supp. 2d 457, 502 (E.D.N.Y. 2011). In *Young v. Suffolk County*, defendants staged a false crime scene, called the police and the media to search that scene, consented to the search (even though they lacked authority), and then accompanied the police on the search. 705 F. Supp. 2d 183, 199 (E.D.N.Y. 2010). The defendant in *Friedman v. New York City Administration for Children's Services* was a psychiatrist dating the sister of the plaintiff's estranged wife who singlehandedly initiated ACS neglect proceedings against the plaintiff based on false reports of abuse. 2005 WL 2436219, at *2-3 (E.D.N.Y. Sept. 30, 2005).[4] The court in *Bang v. Utopia Restaurant* found that it would be "reasonable to infer" from a 20-minute conversation between the police and the defendant that the defendant had "urged" the police to arrest plaintiffs without probable cause. 923 F. Supp. 46, 49 (S.D.N.Y. 1996). Here, there is no need to infer what Ms. Goun told police on October 8, 2022, because that conversation was recorded. And Ms. Goun couldn't have urged the officer who "authorized" Plaintiff's arrest, because that officer did so *before* speaking with Ms. Goun. Compl. ¶ 134.

In each of the above cases, the defendants were alleged to have convinced a single state entity to pursue meritless criminal charges, based wholly on defendants' accounts of wrongdoing. Here, even accepting the allegations in the Complaint as true, multiple actors from multiple law enforcement agencies—NYPD, Manhattan DA, and Bronx DA—each concluded that Plaintiff committed a crime, on different occasions, with the benefit of corroborating evidence. Those facts are fatal to Plaintiff's claim of "joint action."

---

[4] *Harris v. Tioga County*, 663 F. Supp. 3d 212 (N.D.N.Y. 2023) has no bearing on these allegations. The plaintiff in that case alleged that a police investigator coerced witnesses to lie, and the court found that a private citizen who changed her story "after she began regularly communicating with [that] Investigator" was acting on the investigator's behalf. *Id.* at 228-29.

### III.    Multiple State Actors Independently Authorized Goldstein's Prosecution.

Plaintiff argues that none of the state actors who authorized his arrest exercised "independent judgment" because Ms. Goun misled and/or pressured all of them. Opp. at 13. But he ignores the contradiction between his allegations—of multiple state actors concluding that he broke the law but differing as to the charges—and that theory. *See* Mot. at 12-13.

The most glaring examples of independent judgment, Carmen Fabian (the officer who authorized his arrest) and the Bronx DA (the agency that prosecuted him), are not addressed in the Opposition. How could Fabian have been misled or pressured "without speaking to Defendant Goun[?]" Compl. ¶¶ 133-134. Fabian's authorization severs the causal connection between Ms. Goun's conduct and Plaintiff's arrest because that decision was made without Ms. Goun. *See Townes v. City of New York,* 176 F.3d 138, 147 (2d Cir. 1999).

The same is true of the Bronx DA's decision to prosecute Plaintiff on misdemeanor charges because the Complaint fails to allege any facts that support an inference that Ms. Goun played any role in that decision. *See* Mot. at 10, 13. Instead of responding to that argument, Plaintiff makes a conclusory assertion that "Goun and Newman improperly interfered with Goldstein's case after DANY was disqualified." Opp. at 14 (citing Compl. ¶¶ 300-317). The cited paragraphs contain no factual allegation that Ms. Goun took any action with respect to that prosecution (or even spoke with any of the prosecutors). Newman's only alleged involvement was his presence in the courtroom during a single status conference, four months before the Bronx DA decided to pursue new charges against Plaintiff. Compl. ¶¶ 301, 305. Those barebones allegations do not permit an inference that the independent prosecutors at the Bronx DA were pressured to deviate from their independent judgment. That independent judgment severs the causal connection between Ms. Goun and Plaintiff's prosecution. *See Townes*, 176 F.3d at 147.

6

Ignoring both Fabian and the Bronx DA, Plaintiff focuses on Lutz, asserting that she "improperly delegated much of her investigatory role to Goun and Newman." Opp. at 14 (citing Compl. ¶¶ 184, 206, 210-216). That assertion finds no support in the Complaint. The cited paragraphs don't even *mention* Newman. As to Ms. Goun, they allege only that she provided Lutz with information about the crime of which she was complaining. The allegations further demonstrate that Lutz could not have been misled by Ms. Goun because she reviewed other evidence: video footage of the incident, bodyworn video, observation of Ms. Goun's injuries, and video-recorded statements by both children. Compl. ¶¶ 159 (video footage), 201 (injuries), 218-219 (statements by children). Plaintiff's failure to allege that Lutz's authorization of the arrest was anything but independent severs the chain of causation even further.

## IV.    Domestic Relations Abstention Is Appropriate.

Plaintiff fails to meaningfully explain how his Complaint—which is full of allegations about his matrimonial action and seeks damages from that action—does not present this Court with "issues 'on the verge' of being matrimonial in nature" requiring abstention. *See American Airlines, Inc. v. Block,* 905 F.2d 12, 14 (2d Cir.1990). The Second Circuit has made clear that "a plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages." *Schottel v. Kutyba*, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009).

Plaintiff does not dispute that the economic damages he claims in Paragraph 466 were incurred pursuant to orders from his matrimonial judge in New York Supreme Court. Awarding him that requested relief will necessarily trammel on state court jurisdiction, whether or not he also seeks other types of *additional* compensatory damages. *See Evans v. Adams*, 714 F. Supp. 3d 119, 125 (E.D.N.Y. 2024). Plaintiff also concedes that he intends to present evidence from the parties' on-going divorce proceedings. Opp. at 17. There is no reasonable claim that this case is

not "on the verge of being matrimonial." And Plaintiff does not deny that this case could be adjudicated in a state court that has "greater familiarity" with the parties' dispute, having already "invested substantial judicial resources" for more than three years. *Evans*, 714 F. Supp. 3d. at 125. Plaintiff has already presented to New York Supreme Court the same abuse-of-process allegations that he brings here, and that court has reacted accordingly. Compl. ¶¶ 445-454. Permitting the claims against Ms. Goun here would only impede orders rendered in a three-year-old divorce case. This Court should reject Plaintiff's attempt to circumvent his matrimonial case through the federal courts. *See, e.g., Sobel v. Prudenti,* 25 F. Supp. 3d 340, 353 (E.D.N.Y. 2014) (dismissing claims that "seek[ ] to directly undo the effects of the domestic relation orders and judgments"). *Accord Ruchinsky v. Devack,* 2014 WL 2157533, at *10 (E.D.N.Y. May 23, 2014).[5]

## V.    New York's Judiciary Law Does Not Apply Here.

Plaintiff fails to cite a single case in which an attorney was held liable under Section 487 in a proceeding in which they did not appear as an attorney. The numerous cases cited in Ms. Goun's motion, which establish otherwise, are binding on this Court. Federal courts applying state law "are generally obliged to follow the state law decisions of state intermediate appellate courts." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199–200 (2d Cir. 2005); *accord Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 65 (S.D.N.Y. 2023) (rejecting defendants' argument that the court should disregard the First Department's statutory interpretation). The appellate cases cited on page 17 of Ms. Goun's motion and in *Tacopina v. Kerik*, 2016 WL 1268268, at *5 (S.D.N.Y. Mar. 31, 2016), make clear that this claim is improper.

---

[5] That the state-actor defendants are not parties to the divorce proceeding does not prevent this Court from abstaining from exercising jurisdiction over the entire case. Nor does those defendants' failure to join in this motion. *See Deem v. DiMella-Deem*, 941 F.3d 618, 620 (2d Cir. 2019) (affirming *sua sponte* dismissal pursuant to the domestic relations abstention doctrine).

## VI.     The State Conspiracy Claim Should Be Dismissed as Duplicative.

To avoid the statute of limitations on his state conspiracy claim, Plaintiff represents that the underlying torts sound in federal rather than state law. Opp. at 21. In that case, Count Seven should be dismissed as duplicative of Count Six (Federal Conspiracy). *See Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 115 (S.D.N.Y. 2021) (dismissing duplicative claims and citing cases). If the state conspiracy claim is based on § 1983, it should be dismissed for the same reason as all the other federal claims—for failure to allege that Ms. Goun acted under color of state law.

## VII.    The Court Lacks Jurisdiction Over the Theft Claims.

Plaintiff ignores Ms. Goun's argument that the Complaint's allegations connecting the alleged October 5 "burglary" to the October 8 assault are both implausible *and* contradicted by the domestic incident report, which Plaintiff concedes is incorporated by reference. *See* Mot. at 20-21; Dkt. 28-1 (domestic incident report showing that the October 8 argument was about Plaintiff's conduct during a playdate, not the alleged burglary).

Regardless, accepting that contrived connection does not render the alleged theft the same "case or controversy" as the alleged abuse of criminal process. There is no overlap between the facts needed to prove theft (whether Ms. Goun took property on October 5) and the facts needed to prove abuse of process (whether Ms. Goun made false police reports on October 8). The only overlap in witnesses are the parties themselves. Proving the state claims, which at best involve nominal damages, would thus require an entirely separate body of evidence. Under those circumstances, supplemental jurisdiction does not lie. *See* Mot. at 19-21.

In *Rosario*, for example, there was evidentiary overlap because both sets of claims involved the "hostility of Union officials towards [plaintiff's] assertion of their rights," and the same testifying witnesses. *Rosario v. Amalgamated Ladies' Garment Cutters' Union, Local 10,*

*I.L.G.W.U.*, 605 F.2d 1228, 1247 (2d Cir. 1979). In *Mazza*, the court held that a state defamation claim should be tried alongside a federal First Amendment claim because the falsity of defendant's statements bore on the reasonableness of defendants' belief that their actions did not violate plaintiff's clearly established rights. *Mazza v. Hendrick Hudson Cent. Sch. Dist.*, 942 F. Supp. 187, 196 (S.D.N.Y. 1996). No such factual overlap exists here.

### VIII.   Confidential Allegations From Divorce Proceedings Should Be Stricken.

Plaintiff is wrong that New York law permits parties to place matrimonial matters on the public docket. New York Uniform Court Rule 202.5(e) requires that "any of the documents or testimony in a matrimonial action protected by Domestic Relations Law section 235" must be redacted or filed under seal "in the papers filed in any other civil action." And there is no question that Plaintiff's characterization of the forensic report is inadmissible, irrelevant and hearsay—as is much of what Plaintiff has gratuitously included in the Complaint.

Plaintiff concedes—as he must—that he does not have a copy of the report, that he could not produce it in this case, and that his lawyers are not allowed to see it. The same applies to Ms. Goun. Ms. Goun is highly prejudiced by Plaintiff's dragging of her divorce proceedings through the press, particularly where Plaintiff has chosen to implicate their children in the Complaint. *See* Compl. ¶¶ 222, 423. Under these circumstances, the Court should strike the allegations, or, at minimum, order Plaintiff to redact them. *See, e.g., Zappin v. Schorr*, 2023 WL 2601578, at *13–14 (S.D.N.Y. Mar. 22, 2023) (granting motion to keep matrimonial judgment under seal given the "strong" privacy interests).

### <u>CONCLUSION</u>

For the foregoing reasons, Defendant Amanda Goun respectfully requests that the Court grant her motion to dismiss and motion to strike.

Dated: September 22, 2025

Respectfully submitted,

*/s/ Eric S. Rosen*
**DYNAMIS LLP**
Eric S. Rosen
Jamie Hoxie Solano
Tyler Finn
11 Park Place, 4th Floor
New York, New York 10007
Tel: (617) 802-9157
erosen@dynamisllp.com
jsolano@dynamisllp.com
tfinn@dynamisllp.com

Rena Paul
The Paul Firm
347 Fifth Avenue, Suite 1402-496
New York, NY 10016
(917) 994-2693
rena@thepaulfirm.com

*Attorneys for Defendant Amanda Goun*

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2025, I caused the foregoing brief to be served upon all

Filing Users through the Court's Case Management/Electronic Case Files ("CM/ECF") system.


*/s/ Eric S. Rosen*
Eric S. Rosen

## CERTIFICATE OF COMPLIANCE

I certify that this memorandum of law contains 3,324 words and complies with the word-length limitations in Local Rule 7.1(c).

*/s/ Eric S. Rosen*
Eric S. Rosen