UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH GOLDSTEIN,<br><br>        *Plaintiff,*<br><br>-against-<br><br>LAWRENCE H. NEWMAN, KELLY KEATING, AMANDA GOUN, RACHEL LUTZ, and CARMEN FABIAN,<br><br>        *Defendants*. | No. 25-CV-4118 (DEH) |

**STIPULATED PROTECTIVE ORDER**

The Court being advised that the Parties stipulate and agree to entry of this Stipulated Protective Order ("Order") to expedite the flow of discovery in this proceeding in a manner consistent with the need to protect the confidentiality of certain elements of that discovery, and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED**:

1. The terms "Party" and "Parties" means the parties to this lawsuit.

2. "Confidential Materials" shall mean (a) documents the New York Police Department would be entitled to withhold pursuant to New York Freedom of Information Law ("FOIL"), (b) Plaintiff's medical records, (c) a list from the New York City Police Department that identifies plaintiff's prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests, and (d) other documents and information that may

in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court. Such documents and information shall not be designated "Confidential Materials" to the extent that they relate to the incident(s) underlying the Complaint in the action, are obtained by the parties by subpoena or pursuant to FOIL, or are otherwise publicly available.

3.     As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

4.     A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in this Action.

5.     Attorneys for a Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

6.     Attorneys for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

   a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in this action.

   b. Disclosure may also be made to an expert, consultant, or vendor (and any such expert, consultant, or vendor's staff and employees that are under their control) who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of this action, to a witness at a deposition or in preparation for testimony at a deposition or trial (and such witness's attorney), or to the Court.

  c. The Parties' attorneys may also disclose the Confidential Materials to the New York City Police Department, the New York City Comptroller's Office, the New York City Mayor's Office, the New York City Administration for Children's Services, the New York State Office of Children and Family Services, and the District Attorney's Offices of each county of New York City.

  d. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party's attorney shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of this action and not to make further disclosure of the Confidential Materials, except in testimony taken in this action. The attorneys for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

  e. Disclosure of medical records deemed "Confidential" under this Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

7. Any Party or non-party to this Action, or their counsel, may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Party or non-party to this Action, or their counsel.

8.     If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Producing Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

9.     Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall (absent the consent of the Producing Party to file the papers with the Confidential Materials) first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

10.    Any party seeking to file papers with the Court that incorporate documents relating to or in any way referring to the minor children of Plaintiff Joseph Goldstein and Defendant Amanda Goun, including but not limited to photographs, medical information, and/or statements made by the children, shall redact all material concerning or otherwise relating to the children, pursuant to the procedure for submitting papers under seal outlined in section 9 above.

11.    Nothing in this Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any matter, or to limit the use of Confidential Materials

or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request or subpoena.

12.     This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once this action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

13.     The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify the Protective Order at any time.

Dated: New York, New York
      January 16, 2026

| | |
|---|---|
|       /s/        |       /s/       |
| Benjamin D. White | Eric S. Rosen |
| **BLOCH & WHITE LLP** | **DYNAMIS LLP** |
| Benjamin D. White | 175 Federal Street St. 1200 |
| Michael L. Bloch | Boston, MA 02110 |
| Catherine G. Willett | |
| 90 Broad St., Suite 703 | Jamie Hoxie Solano |
| New York, New York 10004 | Tyler Finn |
| | **DYNAMIS LLP** |
| | 233 Broadway, Suite 1750 |
| **LAW OFFICES OF JOEL B. RUDIN, P.C** | New York, NY 10279 |
| Joel B. Rudin | |
| 152 West 57th Street, 8th Floor | Rena Tamar Paul |
| New York, New York 10019 | **THE PAUL FIRM** |
| | 347 Fifth Avenue St. 1402-496 |
| *Attorneys for Joseph Goldstein* | New York, NY 10016 |
| | |
| | *Attorneys for Amanda Goun* |

      /s/          
Brian C. Francolla
**NEW YORK CITY LAW DEPARTMENT**
100 Church St Room 3-142
New York NY 10007

*Attorney for Lawrence Newman, Rachel Lutz,*
 *Carmen Fabian, Kelly Keating*

SO ORDERED:

_____

Hon. Dale E. Ho
United States District Court for the Southern District of New York

Dated:
New York, New York