# BLOCH & WHITE LLP

90 BROAD ST, SUITE 703
NEW YORK, NEW YORK 10004
(212) 702-8670
WWW.BLOCHWHITE.COM

DIRECT DIAL: (347) 518-1941
DIRECT E-MAIL: CWILLETT@BLOCHWHITE.COM

May 19, 2026

**Via ECF**
The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Defendants are ORDERED to file a letter of no more than three pages indicating Defendants' position, if any, on enforcement of the subpoena by May 22, 2026.**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: May 4, 2026
New York, New York

Re: *Goldstein v. Newman et al.*, 25-CV-04118 (DEH)

Dear Judge Ho,

Pursuant to the Court's Individual Rules 4(a) and 4(k), Plaintiff Joseph Goldstein submits this letter motion to compel compliance with a subpoena served on Safe Horizon on April 9, 2026, attached hereto as Exhibit A (the "Subpoena"). The Subpoena had a return date of April 21, 2026. Safe Horizon has since made a partial production, but is presently unwilling to produce the remainder of the documents absent a court order determining that this action is a "relevant court proceeding" within the meaning of New York Social Services Law § 423-a(5)(a). We thus submit this letter requesting that the Court so-order the attached proposed order and/or issue a determination that this action is a relevant court proceeding within the meaning of the statute. Counsel for Defendants (Lawrence Newman, Kelly Keating, Rachel Lutz, and Carmen Fabian) consents to this request.

As alleged in the amended complaint, the Defendants, along with Amanda Goun, concocted false charges against Mr. Goldstein that resulted in an eight-month prosecution with devastating collateral consequences. The criminal charges against Mr. Goldstein were based in part on an interview of his child (referred to as "Child 1" in the complaint) that was conducted at the Child Advocacy Center run by Safe Horizon in Manhattan. Mr. Goldstein thus issued the Subpoena, which requests documents and communications concerning that interview, as well as all of Safe Horizon's communications with Defendants and Ms. Goun related to the allegations against Mr. Goldstein.

On April 21, Safe Horizon responded with a letter (attached as Exhibit B) objecting in part to the subpoena and requesting an extension of the return date to May 8, 2026. The parties have engaged in productive discussions, including conferences on April 28 and May 15. Safe Horizon produced a partial response on May 8.[1] However, Safe Horizon is withholding certain

---

[1] This production did not include, for example, any communications between Safe Horizon and any of the Defendants.

responsive documents, including what it terms its "case file," based on its contention that those documents are privileged under New York Social Services Law § 423-A(5)(a) (see Exhibit C). Safe Horizon has agreed, however, to produce the documents so long as this Court issues an order deeming this action a "relevant court proceeding."

> New York Social Services Law § 423-a(5)(a) provides:
>
> The files, reports, records, communications, working papers or videotaped interviews used or developed in providing services under this section are confidential. Provided, however, that disclosure may be made to members of a multidisciplinary investigative team who are engaged in the investigation of a particular case and who need access to the information in order to perform their duties for purposes consistent with this section and to other employees of a child advocacy center who are involved in tracking cases for the child advocacy center. *Disclosure shall also be made for the purpose of investigation, prosecution and/or adjudication in any relevant court proceeding* or, upon written release by any non-offending parent, for the purpose of counseling for the child victim.

(emphasis added). Mr. Goldstein does not concede that § 423-A(5)(a) requires a court's determination, or that all of the withheld materials are protected by the statute. *See Stollman v. Williams*, 2022 WL 1772552, at *5 (S.D.N.Y. June 1, 2022) (JPC) (noting that "there is the question of whether section 423-a even creates a litigation *privilege* for Safe Horizon to assert" because "[a] non-disclosure or confidentiality provision in a statute may not always create an evidentiary privilege, especially if the legislature did not explicitly create one") (citation omitted). However, because the end of fact discovery is currently scheduled for August 9, 2025 and in the interests of efficiency, we write to request that the Court determine that this action constitutes a "relevant court proceeding" authorizing disclosure of the requested material.[2]

This action is clearly a "relevant proceeding" within the meaning of the statute. The criminal charges against Mr. Goldstein appear to have been based in part on the interview of Child 1 conducted at the CAC. The requested materials are thus undoubtedly relevant to Mr. Goldstein's claims for abuse of process, malicious prosecution, false arrest, evidence fabrication, conspiracy, aiding-and-abetting, and violations of New York Judiciary Law § 487 and New York City Administrative Code § 8-803. For example, the complaint alleges that Ms. Goun coached Child 1 as to what to say in the interview at the CAC, and that the CAC questioner herself coached Child 1 and otherwise conducted an improper and unreliable interview. Safe Horizon's internal

---

[2] Courts have granted motions to compel compliance with subpoenas to Safe Horizon in analogous cases. For example, in *Stollman v. Williams*, plaintiffs sued various individual City employees pursuant to 42 U.S.C. § 1983 and New York law, alleging that the defendants' actions in a child abuse investigation and resulting family court proceedings against the father violated the plaintiffs' civil rights. *Id.* at *1. Plaintiffs subpoenaed Safe Horizon seeking records related to the child's visit to a Child Advocacy Center operated by Safe Horizon. *Id.* at *3. The district court granted the motion over Safe Horizon's opposition, finding that Safe Horizon had not met its burden to show specific harms likely to result from the disclosure of responsive materials.

communications regarding the investigation (as well as its communications with Defendants Newman and Lutz) are thus relevant to the issue of probable cause. Communications between Defendants Newman, Lutz, Ms. Goun, and Safe Horizon are also relevant to the overt act elements of Mr. Goldstein's conspiracy claims, as well as his aiding-and-abetting claim against Defendants Newman and Lutz. Mr. Goldstein thus respectfully requests that the Court issue a determination that this action is a "relevant court proceeding" within the meaning of New York Social Services Law § 423-a(5)(A).

We thank the Court for its attention to this important issue.

Respectfully submitted,

 /s/ Catherine Willett
Catherine Willett
**BLOCH & WHITE LLP**
Benjamin D. White
Michael L. Bloch
Deborah Frankel
90 Broad Street, Suite 703
New York, New York 10004

Cc: Counsel for Defendants by ECF

Cc via E-Mail:
Victoria Pasculli, Cooley LLP (vpasculli@cooley.com)
Daniela Pedraza, Safe Horizon Assistant General Counsel (daniela.pedraza@safehorizon.org)
Michael Williams, Safe Horizon General Counsel (mwilliams@safehorizon.org)



April 21, 2026

Bloch & White LLP
90 Broad Street, Suite 703
New York, New York 10004

Re: *Joseph Goldstein v. Lawrence Newman, et al.*, No. 25-CV-41118 (S.D.N.Y.)

Mr. Benjamin D. White,

This letter responds to the subpoena served on Safe Horizon in the above-referenced matter, which seeks "[a]ll Documents and/or Communications concerning Joseph Goldstein" for the period October 8, 2022 to the present.

Safe Horizon objects to the subpoena to the extent it seeks documents generated in connection with investigative procedures conducted through a Child Advocacy Center ("CAC"). Such materials are subject to the confidentiality provisions of New York Social Services Law § 422 and related provisions. Under these provisions, reports and information obtained in connection with child protective services investigations are confidential and may be disclosed only pursuant to a court order upon a judicial finding that disclosure is necessary for the determination of an issue before the court. Accordingly, a civil subpoena alone is insufficient to compel the production of CAC-related records and Safe Horizon is prohibited by law from producing such records in response to the subpoena.

Safe Horizon further objects to the subpoena to the extent it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection.  This includes, without limitation, communications involving Safe Horizon's Office of the General Counsel acting in its legal capacity.

The subpoena is also overbroad and unduly burdensome to the extent it seeks "[a]ll Documents and/or Communications" concerning a single individual and to the extent it seeks documents for the period October 8, 2022 to the present.  Safe Horizon therefore objects on that basis as well.

Subject to and without waiving the foregoing objections, Safe Horizon is currently evaluating whether any responsive, non-privileged, and non-confidential materials exist. Accordingly, Safe Horizon requests until **May 8, 2026** to complete this review and provide any appropriate response.



If you believe that any category of requested documents falls outside the confidentiality or privilege protections described above, please identify those materials and the basis for your position so that Safe Horizon may consider them.

Safe Horizon reserves all rights, including the right to assert additional objections and to move to quash or modify the subpoena.

Thank you,

Michael H. Williams

Michael H. Williams

General Counsel

| | |
|---|---|
| **From:** | Pasculli, Victoria R. |
| **To:** | Catherine Willett; Pedraza Moreno, Daniela |
| **Cc:** | Williams, Michael; Benjamin D. White |
| **Subject:** | RE: Joseph Goldstein v. Lawrence Newman, et al., No. 25 CV 41118 (S.D.N.Y.) |
| **Date:** | Friday, May 1, 2026 2:09:58 PM |
| **Attachments:** | image001.png |

Hi Catherine,

Thank you for your email.  We will produce the non-privileged, non-confidential, responsive materials by May 8, 2026.

To clarify our position with respect to documents involving Mr. Goldstein that were generated in connection with investigative procedures conducted through a Child Advocacy Center ("CAC"), those materials—including the CAC interview recordings and any related notes—are confidential under New York Social Services Law § 423-A(5)(a), which specifically governs Child Advocacy Centers.  Our prior reference to § 422 was a typographical error, and we apologize for any confusion.

Section 423-A(5)(a) establishes a discrete disclosure framework for CAC records.  It provides that CAC "files, reports, records, communications, working papers, or videotaped interviews … are confidential," although "disclosure may be made to members of a multidisciplinary investigative team" for investigation purposes.  In addition, disclosure may be made "for the purpose of investigation, prosecution and/or adjudication in any relevant court proceeding."  Id.

Accordingly, as we discussed on Tuesday's call, we would be in a position to produce these materials if and when the Court determines that your client's lawsuit qualifies as a "relevant court proceeding" within the meaning of Section 423-A(5)(a).

Best,
Victoria


Victoria R. Pasculli
Cooley LLP
+1 212 479 6879 office