## BLOCH & WHITE LLP

90 BROAD ST, SUITE 703
NEW YORK, NEW YORK 10004
(212) 702-8670
WWW.BLOCHWHITE.COM

DIRECT DIAL: (347) 518-1941
DIRECT E-MAIL: CWILLETT@BLOCHWHITE.COM

May 28, 2026

**Via ECF**

The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Goldstein v. Newman et al.*, 25-CV-04118 (DEH)

Dear Judge Ho,

Plaintiff Joseph Goldstein submits this letter in response to the Court's May 22, 2026 Order directing Plaintiff to address whether this case constitutes a "relevant court proceeding" within the meaning of New York Social Services Law § 423-a(5)(a) as well as other arguments raised in Safe Horizon's May 22, 2026 letter ("Safe Horizon Letter"). Safe Horizon takes no position as to whether this action constitutes a relevant proceeding, and agrees to produce the requested records should the Court so determine. *See* Safe Horizon Letter. Defendants, for their part, consent to Mr. Goldstein's request for these records.

Although there is limited caselaw regarding § 423-a(5)(a), this action is clearly a "relevant court proceeding" under any interpretation. The requested records relate to interviews of Mr. Goldstein's children which took place at the Manhattan CAC in October of 2022 and the Brooklyn CAC in February of 2025. These interviews are central to Mr. Goldstein's claims in this action. The Amended Complaint ("FAC") alleges that the children were brought to the Manhattan CAC on October 11, 2022; that Child 1 was coached by Ms. Goun to say that Mr. Goldstein caused bruising on his arm; that the interview was conducted improperly such that obvious signs of coaching and other exculpatory details were not pursued; and that this interview constituted the basis for the charges against Mr. Goldstein concerning the children. *See* FAC at ¶¶ 217-257. Discovery to date has also revealed that Defendants Newman and Lutz were present during the CAC interview; that the interviewer consulted with them during the course of the interview to determine what questions to ask; and that Defendant Lutz was aware of discrepancies in Child 1's statements in the interview but chose not to ask any follow-up questions. There were no further interviews of Child 1 conducted prior to filing of the criminal complaint or the superseding information against Mr. Goldstein.[1] The CAC records thus constitute key evidence of 1) the

---

[1] The Bronx District Attorney's Office ("BxDAO") did conduct a "swearability hearing" before Defendant Keating filed the superseding misdemeanor information. During this deposition, Child 1 was asked questions about the importance of telling the truth and keeping promises. An ADA then read the complaint off the record and "asked whether or not everything [she] had read to [Child 1] in the complaint was true." Child 1 (then six years old) then

conspiracy and evidence fabrication claims as to the charges regarding the children; and 2) the lack of probable cause to arrest and prosecute Mr. Goldstein for offenses against his children.

The FAC also alleges that, in February 2025, Ms. Goun again coached Child 1 to falsely accuse Mr. Goldstein of causing physical harm to Child 1. Ms. Goun brought both children to the Brooklyn CAC on February 13, 2025. Despite occurring well after Mr. Goldstein's arrest and the dismissal of criminal charges against him, this February 2025 conduct (and the resulting records) are relevant to the conspiracy and aiding-and-abetting claims against Defendant Newman. Discovery has revealed that Defendant Newman began working at the Brooklyn District Attorney's Office ("KCDAO") either the same week as the February 2025 CAC visit or shortly thereafter. Mr. Goldstein has reason to believe that Ms. Goun was aware that Defendant Newman would be working at KCDAO when she moved the allegations from Manhattan to Brooklyn. Further, records received from KCDAO have shown that Ms. Goun "repeatedly asked the detective what the children had disclosed" during their interviews and then "told [the detective] that [Child 1's] disclosure makes out the charges of criminal obstruction and Endangering the Welfare of a Child." This conduct bears a striking similarity to the October 2022 incident. The February 2025 CAC records will thus help establish Ms. Goun's (and possibly Mr. Newman's) *modus operandi* with respect to laundering child abuse allegations.

As to Safe Horizon's other arguments, Plaintiff notes that though § 423-a(5)(a) deems these records "confidential," it nevertheless does not create a litigation *privilege*. "If the information sought is confidential but not privileged [under state law], Rule 26 does not limit disclosure of otherwise discoverable information." *Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*, 186 F. Supp. 3d 278, 284 (S.D.N.Y. 2016) (cleaned up). "[U]nder federal law, Safe Horizon must make a 'substantial threshold showing that specific harms are likely to result from disclosure' of the responsive materials." *Stollman v. Williams*, 2022 WL 1772552, at *5 (S.D.N.Y. June 1, 2022) (citation omitted). Safe Horizon has not done so; instead, Safe Horizon has submitted a "declaration from its [] general counsel that speaks generally to its confidentiality interests, without addressing any specific harm that could result from disclosure of the particular records at issue." *Id.* at *6. Further, the records could be subject to a protective order. Section 423-a thus does not prevent disclosure in this case.

Mr. Goldstein thus respectfully requests that the Court deem this action a "relevant court proceeding" under New York Social Services Law § 423-a.

Respectfully submitted,

/s/ Catherine Willett
Catherine Willett
**BLOCH & WHITE LLP**

---

signed a supporting deposition which read: "I, [Child 1], of an address known to the District Attorney's Office, County of New York, State of New York, being duly sworn, depose and say: that I have read the Accusatory Instrument filed in the above-entitled action and attached hereto and that the facts therein stated to be on information furnished by me are true upon my personal knowledge." Child 1 was then listed as the informant (not deponent) on the superseding information. Ms. Goun was listed as the deponent. The October 11th CAC interview was thus the sole factual interview of Child 1 that could have provided probable cause for the charges in either accusatory instrument.

Benjamin D. White
Michael L. Bloch
Deborah Frankel
90 Broad Street, Suite 703
New York, New York 10004

Cc: Counsel for Defendants by ECF

Cc via E-Mail:
Victoria Pasculli, Cooley LLP (vpasculli@cooley.com)
Daniela Pedraza, Safe Horizon Assistant General Counsel (daniela.pedraza@safehorizon.org)
Michael Williams, Safe Horizon General Counsel (mwilliams@safehorizon.org)

**The Court concludes that Safe Horizon has failed to establish a litigation privilege that would prevent disclosure of these documents, regardless of whether this is a relevant proceeding. *Stollman v. Williams*, No. 20 Civ. 8937, 2022 WL 1772552, at \*5 (S.D.N.Y. June 1, 2022) (ordering production of responsive documents in near identical circumstances). Accordingly, Safe Horizon is ORDERED to produce to requested discovery. The Clerk of Court is respectfully directed to terminate ECF No. 49.**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: May 28, 2026
New York, New York

3