# BLOCH & WHITE LLP

90 BROAD ST, SUITE 703
NEW YORK, NEW YORK 10004
(212) 702-8670
WWW.BLOCHWHITE.COM

DIRECT DIAL: (347) 518-1941
DIRECT E-MAIL: CWILLETT@BLOCHWHITE.COM

June 15, 2026

**Via ECF**

The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Goldstein v. Newman et al.*, 25-CV-04118 (DEH)

Dear Judge Ho,

Plaintiff Joseph Goldstein hereby moves pursuant to the Court's inherent authority to strike portions of the transcript of the October 14, 2025 Initial Pretrial Conference ("IPTC") that was held in the above-captioned action. Amanda Goun, who is no longer a defendant in the action, joins in the request.[1] Mr. Goldstein and Ms. Goun seek to strike two small portions of the transcript reflecting comments made by Ms. Goun's counsel: Tr. 13:5-7 and Tr. 14:5-6 (the "Comments"). Counsel for Defendants Newman, Lutz, Keating, and Fabian consents to the requested relief.

\*        \*        \*

The Comments by Ms. Goun's counsel were made during the IPTC in response to the Court's request that counsel for each party give the court a "very high level, a very brief overview of the case." Tr. at 3:10-11. The Comments consist of highly inflammatory and personal remarks regarding supposed historical conduct of Mr. Goldstein and his non-party parents—unsupported by any evidence or even allegation—that were not appropriate to the context of the IPTC or responsive to the Court's question. *Cf. Kumaran v. Northland Energy Trading, LLC*, 762 F. Supp. 3d 322, 330-31 (S.D.N.Y. 2025) ("With respect to a motion to strike 'scandalous' material [in the Rule 12(f) context], a scandalous allegation is one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court.") (citation omitted). The Comments are false, likely to embarrass Mr. Goldstein, his parents, and his minor children, and are harmful to Mr. Goldstein's professional reputation and career.

Importantly, the Comments (falsely) allege conduct of Mr. Goldstein and his parents that has absolutely no relevance to any claims or defenses in this action. Mr. Goldstein's claims, and thus any defenses that may be asserted by the Defendants, center on specific conduct by the

---

[1] Ms. Goun joins in the requested relief only. She does not join or otherwise endorse any other portion of this letter.

defendants and Ms. Goun occurring on October 8, 2022 and the days and weeks that followed. In particular, Mr. Goldstein alleges that the defendants worked in concert to violate his constitutional rights by, *inter alia*, falsely accusing Mr. Goldstein of shutting a door on Ms. Goun's arm and squeezing his child's arm; fabricating evidence; and subjecting him to false arrest, abuse of process, and malicious prosecution. The Comments have no relevance to those claims. Nor were the Comments relevant to the issues to be resolved at the IPTC (namely, setting a discovery schedule). For the reasons that follow, the Court should strike the Comments.

Courts have "inherent power" to strike materials from the record that "gratify private spite or promote public scandal." *Jane Doe Esq. v. The Legal Aid Soc'y*, 2026 WL 880401, at \*8 (S.D.N.Y. Mar. 31, 2026) (citation omitted). This includes the authority to strike materials outside the pleadings that are "abusive or otherwise improper." *Lively v. Wayfarer Studios LLC*, 2025 WL 1410702, at \*1 (S.D.N.Y. May 15, 2025) (citation omitted). The Second Circuit has "emphasized that courts should protect the judicial process from being 'coopted' to 'promote scandal arising out of unproven potentially libelous statements.'" *Id.* (quoting *Brown v. Maxwell*, 929 F.3d 41, 51-52 [2d Cir. 2019]). "'[E]very court has supervisory power over its own records and files' to ensure they 'are not used to gratify private spite or promote public scandal' or 'serve as reservoirs of libelous statements for press consumption.'" *Brown v. Maxwell*, 929 F.3d at 51 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 [1978]).

The Second Circuit has emphasized that "[t]his supervisory function is not only within a district court's power, but also among its responsibilities." *Id.* The supervisory responsibility to protect the judicial process from being coopted for improper purposes is critical because, under New York law, "absolute immunity from liability for defamation exists for oral or written statements made … in connection with a proceeding before a court." *Id* at 52. (citation omitted); *see also id.* at 52-53 (noting that "although the act of filing a document with a court might be thought to lend that document additional credibility, in fact, allegations appearing in such documents might be less credible than those published elsewhere" because "while the threat of defamation actions may deter malicious falsehoods in standard publications, this threat is non-existent with respect to" statements made in court proceedings).

In exercising this supervisory responsibility, courts in this district have granted motions to strike material that "is irrelevant to any issue before [the court] and does not request any action from [the court]," *Lively*, 2025 WL 1410702, at \*1, and where the material "serves no purpose except to inflame the reader." *Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991). Notably, "[b]ecause such rejected or stricken material is not 'relevant to the performance of the judicial function,' it would not be considered a 'judicial document' and would enjoy no presumption of public access." *Brown*, 929 F.3d at 51-52 (citation omitted).[2]

---

[2] Even if the Comments did constitute a "judicial document," which they do not, the presumption would only have "modest weight" in this context. *Doe v. New York Univ.*, 2023 WL 2609315, at \*1 (S.D.N.Y. Mar. 22, 2023). The presumption of access is strongest "when applied to documents that play a central role in determining litigants' substantive rights—conduct at the heart of Article III." *Mirlis v. Greer*, 952 F.3d 51, 60 (2d Cir. 2020) (citation omitted). Here, the Comments play no role in determining the parties'

As explained above, the Comments are improper, inflammatory, and do not have any tendency to make any fact of consequence to this litigation more or less probable. They have no relevance to any issue before the Court and do not request any action from the Court. They are therefore not "relevant to the performance of the judicial function" and do not constitute a "judicial document." *Brown*, 929 F.3d at 52 (citation omitted). Instead, they are merely "inflammatory accusations," *Doe*, 2026 WL 880401, at *8 (citation omitted), "used to gratify private spite or promote public scandal." *Brown*, 929 F.3d at 51 (citation omitted). Mr. Goldstein thus respectfully requests that the Court strike the Comments.

Respectfully submitted,

/s/ Catherine Willett
Catherine Willett
**BLOCH & WHITE LLP**
Benjamin D. White
Michael L. Bloch
Deborah Frankel
90 Broad Street, Suite 703
New York, New York 10004

**Application DENIED. The pretrial conference was held more than seven months ago. Further, the referenced statements are merely summaries of one party's allegations and position in this litigation, which the Court is not required to and does not credit as true.**

**Rule 12(f) of the Federal Rules of Civil Procedure allows a court to strike matter within pleadings that is "redundant, immaterial, impertinent or scandalous." Fed. R. Civ. P. 12 (f). And Plaintiff cites a litany of cases in which such irrelevant allegations were stricken. *See, e.g., Lively v. Wayfarer Studios LLC*, No. 24 Civ. 10049, 2025 WL 1410702, at *1 (S.D.N.Y. May 15, 2025) (striking letter alleging celebrity was planning to extort individuals having nothing to do with the case). However, the statements here pertained directly to the merits of the lawsuit brought in this Court. *Cf. Music v. Pomodoro Grill, Inc.*, 2008 WL 4998474, at *3 (W.D.N.Y. Nov. 19, 2008) (striking allegations that "are not relevant and have no bearing on the issues"). Plaintiff has provided no basis for the Court to conclude that the statements made at the pretrial conference were abusive or inaccurately described a party's litigation position. Accordingly, the motion is DENIED.**

**The Clerk of Court is respectfully directed to terminate ECF No. 58.**

Dale E. Ho
United States District Judge
Dated: June 22, 2026
New York, New York

**SO ORDERED.**

substantive rights. The Court will not need to "rely on [those portions of the] transcript in deciding subsequent motions." *Pullman v. Alpha Media Pub., Inc.*, 624 F. App'x. 774, 779 (2d Cir. 2015). As such, "the role of the material at issue in the exercise of Article III judicial power" is at best negligible. *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) (citation omitted).

3