UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH GOLDSTEIN,

*Plaintiff*,

vs.

LAWRENCE H. NEWMAN, KELLY KEATING, AMANDA GOUN, RACHEL LUTZ, and CARMEN FABIAN,

Defendants.

No. 25-CV-4118 (DEH)

**STIPULATION AND ORDER REGARDING CLAWBACK AGREEMENT**

Subject to the Court's approval, the parties in the above-captioned litigation (this "Action") hereby stipulate to the procedures set forth herein for the clawback of privileged, protected, personally identifiable[1], and sensitive non-responsive[2] information and material. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by FRE 502(d), FRCP 26(c), and any other applicable law; and shall specifically preclude the application of FRE 502(b) to any Clawback Demand and/or Protected Material, as defined herein, requested under this Stipulation and Order.

1. This Stipulation and Order shall apply to all documents and information, including electronically stored information, produced or disclosed by the parties in response to discovery

[1] For purposes of this Stipulation and Order, personally identifiable information and material is limited to PII of non-parties with no connection to this litigation.

[2] For purposes of this Stipulation and Order, sensitive non-responsive information and material includes any information pertaining to unrelated investigations and/or prosecutions of individuals with no relation to this lawsuit.

requests and demands; affidavits and declarations; testimony adduced at trial, deposition, or during any hearing; and all other information or material otherwise disclosed, produced, made available for inspection, or submitted by the parties in this litigation (collectively, "Discovery Material").

2. Any party's production or disclosure in this proceeding of information or material that is protected by any privilege or protection recognized by law and/or contains personally identifiable or sensitive non-responsive information (collectively, "Protected Material"), whether inadvertent or otherwise, shall not waive any claim of privilege, protection, personally identifiable information, and/or non-responsiveness applicable to that material or its subject matter in this Action or any other federal or state proceeding and shall be governed by the procedures set forth herein.

***Clawback Demand by Producing Party***

3. Any party that produces or discloses Protected Material (the "Producing Party"), or any other party holding a privilege, protection, or other interest against disclosure, may (i) notify in writing the party receiving Protected Material (the "Receiving Party") that Protected Material was produced or disclosed and that it does not intend to waive the applicable privilege, protection, or interest against disclosure; and (ii) demand that the Receiving Party return or destroy the Protected Material (the "Clawback Demand"). Such demand shall identify the Protected Material to be returned or destroyed (including by the Bates number of the document or, if no Bates number appears on the document, information sufficient to identify the document or information) and the basis for the claim of privilege, protection, personally identifiable information, and/or non-responsiveness.

***Receiving Party to Immediately Notify Producing Party; Cease Inspection, Use, and/or Disclosure of Protected Material***

4. If the Receiving Party identifies a document or information produced or disclosed by the Producing Party that appears to contain Protected Material, the Receiving Party shall immediately (i) notify the Producing Party in writing that it has received the potentially Protected Material and identify the Protected Material by the Bates number of the document or, if no Bates number appears on the document, information sufficient to identify the document so that the Producing Party can make a Clawback Demand; and (ii) cease any inspection, use, or disclosure of the Protected Material and of any work product, analyses, memoranda, or notes that the Receiving Party (and/or the Receiving Party's consultants, experts, and/or agents) generated based upon such Protected Material.

5. Immediately upon receiving a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege, protection, personally identifiable information, and/or non-responsiveness, the Receiving Party shall cease any inspection, use, or disclosure of the Protected Material and of any work product, analyses, memoranda, or notes that the Receiving Party (and/or the Receiving Party's consultants, experts, and/or agents) generated based upon such Protected Material.

6. In the absence of an Order permitting otherwise, after the Receiving Party has identified a document or information produced or disclosed by the Producing Party that appears to be Protected Material, or after it receives a Clawback Demand, the Receiving Party shall not introduce the Protected Material into evidence, disclose it to any person or entity, or use it for any purpose in this or any other action. These introduction, use, and disclosure limitations shall not apply if the Receiving Party notifies the Producing Party of the apparent Protected Material in

accordance with paragraph 4 and the Producing Party confirms in writing that they will not claw back the document or information.

***Receiving Party to Destroy or Return Protected Material & Related Material***

7. Unless the Receiving Party seeks an order compelling production of the documents or information covered by the Clawback Demand in accordance with paragraph 8, within ten (10) business days of receiving the Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege, protection, personally identifiable information, and/or non-responsiveness, the Receiving Party shall: (i) destroy the Protected Material or return it to the Producing Party, including any paper or electronic copies; (ii) notify any third party to whom the Receiving Party sent or disclosed such Protected Material that the third party must destroy it or return it to the Producing Party; (iii) destroy any work product, analysis, memoranda, or notes reflecting the content of such Protected Material and/or which the Receiving Party (and/or the Receiving Party's consultants, experts, and/or agents) generated based upon such Protected Material, and notify any third party to whom the Receiving Party sent or disclosed such Protected Material that it must do the same; and (iv) provide written assurance to the Producing Party that these actions have been completed. If any additional work product, analyses, memoranda, or notes reflecting or based upon the Protected Material are later discovered, they shall immediately be destroyed. If the document or information subject to the Clawback Demand contains Protected Material only in part, then the Producing Party shall, in a timely manner, produce redacted versions of the documents subject to the Clawback Demand.

***Seeking an Order to Produce Protected Material***

8. Notwithstanding the directives of paragraph 7, if a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitute Protected Material,

then, within ten (10) business days of receiving the Clawback Demand (and upon fulfilling any obligation to meet and confer as may be required by applicable rule or law), the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand. The Receiving Party's motion shall be filed under seal. Any argument in open court (i) shall not disclose or reference the content of the Protected Material beyond the information set forth in the privilege log or the Clawback Demand itself; and (ii) shall not disclose that the material was subject to a Clawback Demand. The Receiving Party also shall not assert that its return or destruction of the Protected Material has caused it to suffer prejudice. The Court's decision resolving the Receiving Party's motion shall govern the treatment of the disputed documents and/or information. Until the Court enters such decision, (i) the directives set forth in paragraph 7 shall not apply; and (ii) except as this paragraph permits, the Receiving Party shall not use the disputed Protected Material or any work product, analysis, memoranda, or notes reflecting or based upon such Protected Material.

***Rights, Limitations, and Objections Related to this Stipulation and Order***

9. Nothing in this Stipulation and Order shall prevent, limit, or restrict the parties' right to conduct a full review of and apply redactions to, if applicable, documents and related information (including metadata) for responsiveness, privilege, personally identifiable information, and/or protected information prior to production and/or disclosure.

10. Nothing in this Stipulation and Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

11. Nothing in this Stipulation and Order shall operate as an admission by the parties that any particular document or information is or is not responsive, privileged, reflective of personally identifiable information, subject to any other protection under applicable law, and/or admissible in this Action.

12. Nothing in this Stipulation and Order shall prevent, limit, or restrict the parties in any way from objecting to or asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this Action.

13. This Stipulation and Order may be changed only by further agreement of the parties in writing or by Order of the Court and shall not prejudice the right of any party, in good faith, to seek modification of this Stipulation and Order by application to the Court on notice to all undersigned parties.

[Signature page to follow]

**STIPULATED TO:**

**OFFICE OF THE CORPORATION COUNSEL**

/s/
By: ______________________
Brian Francolla
100 Church Street
New York, New York 10007

*Attorneys for Lawrence Newman, Rachel Lutz, Carmen Fabian and Kelly Keating*

Dated: New York, New York
August 25, 2026

**BLOCH & WHITE LLP**

By: ______________________
Benjamin White
90 Broad Street, Suite 703
New York, New York, 10004

*Attorneys for Joseph Goldstein*

Dated: New York, New York
August 25, 2026

**The Court retains discretion the discretion to allow disclosure of any subject covered by this stipulation or to modify the terms of this Order in the interest of justice.**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: August 25, 2026
New York, New York