**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH GOLDSTEIN,<br><br>*Plaintiff,*<br><br>-against-<br><br>LAWRENCE H. NEWMAN, KELLY KEATING, AMANDA GOUN, RACHEL LUTZ, and CARMEN FABIAN,<br><br>*Defendants*. | No. 25-CV-4118 (DEH) |

**STIPULATED AGREEMENT FOR THE PRODUCTION**
**OF ELECTRONICALLY STORED INFORMATION**

WHEREAS, the goal of Rule 1 of the Federal Rules of Civil Procedure (the “Federal Rules”) is the “just, speedy, and inexpensive determination of every action and proceeding,” Fed. R. Civ. P. 1;

WHEREAS, Rules 26(b)(1) and 26(g)(1)(B)(iii) of the Federal Rules require the Parties and the Court to limit discovery to what is both relevant and proportional to the needs of the case, “considering the importance of the issues at stake in the action, the amount in controversy, the parties’ relative access to relevant information, the parties’ resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit,” Fed. R. Civ. P. 26(b)(1);

WHEREAS, Rule 26(f) of the Federal Rules states that the Parties must develop a proposed discovery plan that states the Parties' views and proposals on, among other things, "any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced," Fed. R. Civ. P. 26(f)(3)(C);

WHEREAS, in compliance with Rule 1 and 26 of the Federal Rules, the Parties mutually seek to reduce the time, expense, and other burdens of discovery of certain electronically stored information ("ESI") and privileged materials, as described further below, and to better define the scope of their obligations with respect to such information and materials in this action;

WHEREAS, the Parties therefore are entering into this Stipulation with the request that the Court enter it as an Order;

**IT IS HEREBY STIPULATED AND AGREED** by and through the Parties' respective counsel as follows:

1. General Terms. This stipulated and so-ordered agreement (the "Stipulation and Order") governs the discovery of electronically stored information ("ESI") in this Litigation. By entering into this Stipulation and Order, the Parties do not waive any defenses or objections to any requests for production of documents, all of which are expressly reserved.

2. Preservation.

   a. The Parties acknowledge their duty to conduct a reasonable inquiry to identify and preserve documents and information in their possession, custody, and control that they know, or should know, is relevant to this litigation; the Parties also agree that nothing in this protocol shall expand their preservation duties beyond what is reasonable and proportional to what is at issue in the case.

   b. This agreement does not obligate any Party to segregate or collect potentially relevant documents unless the Party has a reason to anticipate that, absent such actions, relevant information is likely to be lost during the pendency of this matter.

3. Production Format. Unless otherwise ordered by the court or agreed to by the Parties, the Parties shall produce ESI and non-ESI in accordance with the annexed ESI Production Specifications (annexed as Appendix A).

4. Production Timing. The Parties shall meet and confer within two business days after the Producing Party finalizes the review population to confirm a date by which the production shall be completed. Before finalizing the review population, the Producing Party may collect, process, and load the ESI into its review platform and conduct reasonable data assessment and refinement to define the documents subject to review. The Producing Party shall notify the Requesting Party when the review population has been finalized and substantive review has begun. It is not a violation of this Stipulation and Order for a Party to produce documents after this date as part of the Parties' continuing obligation to supplement or correct its disclosures or responses under Rule 26(e).

5. Decryption. The Parties will make reasonable efforts to ensure that documents produced in native form are decrypted (or that passwords are supplied), but the Parties have no duty to identify encrypted documents prior to production.

6. Privilege Logs.

    a. The Parties will log any fully withheld responsive privileged material, including documents produced as withheld for privilege slip-sheets, with the exclusion of the following categories:

        i. The Parties will not log any communications exchanged with their counsel that are protected by the attorney-client privilege, or any documents or tangible things that were prepared for trial in this Action..

        ii. The Parties will not log any documents that have been produced with privilege redactions provided that the privilege type is listed on the redaction itself and information providing sufficient context is left unredacted and/or provided in the DAT file.

    b. The Parties will log only the topmost (last in time) email in a chain.

    c. The Parties will log the documents in ascending date order, logging privileged family members one after the other. Any subsequent logs will be logged the same way starting with the next available Privilege Log ID.

    d. The Parties agree to provide a privilege log with the following fields for each withheld document – any field that contains privileged information may be redacted/revised:

        i. Privilege Log ID

        ii. Bates Number (if produced as a slipsheet) or other unique identifier

        iii. Document Type

        iv. Date (sent/authored)

v. From

vi. Author

vii. To

viii. Cc

ix. Bcc

x. General Subject Matter (Subject line/File Name)

xi. Privilege Type (ACC/AWP/DP/Law Enforcement, etc.)

e. The Parties agree to exchange privilege logs and any related declarations, no later than 30 days after the last production has been completed. If the Responding Party becomes aware that it will need more time to comply, it will promptly reach out to opposing counsel to meet and confer on a revised date.

f. The Parties must raise any privilege log issues within 30 days after the production of the privilege log, and if they fail to do so, waive any rights to raise them after this date. Once a Party raises any issues related to the privilege log within 30 days of its production, the Parties must meet and confer within one week of the issue being identified to try and resolve the issue.

7. Treatment of Families. Parent-child relationships (e.g., the association between emails and attachments) will be preserved. Because full families, parents and children (e.g., emails and corresponding attachments), should be produced together, if a document within a responsive family is fully withheld for privilege or non-responsiveness, a Bates-stamped, single page TIF placeholder indicating either "Document Withheld for Privilege" or "Document Withheld for Non-Responsiveness" should be included as the corresponding image for the withheld file. This information should also be reflected in the Contains Slip Sheet and Slip Sheet Language fields in the .DAT file.

8. Search and Review Methodology.

a. The Parties recognize that the Producing Party is in the best position to determine how to search for, review, and produce its own ESI. *See The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1 (2018).

b. The Parties will meet and confer in good faith to reach agreement on the criteria to be used by the Producing Party for email collection. If the Parties are unable to reach agreement, the Requesting Party may seek appropriate relief from the court within ten business days of the Producing Party's initial disclosure of criteria. If no such relief is sought, the Producing Party may proceed with the disclosed search, review, and production process.

c. The Producing Party has the right to fully review its ESI for responsiveness, privilege, confidentiality, and personally identifiable information prior to production of responsive, non-privileged documents. In addition, the Producing Party may use any appropriate tool or technology to conduct its review, including technology assisted review, as long as the review is conducted in a defensible manner.

9. Non-Party Subpoenas. Non-parties responding to discovery requests shall not be subject to this Stipulation and Order. This provision shall not limit a Party's right to request a particular form of production when serving document subpoenas on non-parties.

10. Subsequently Joined Parties. Parties joined to this action after the entry of this Stipulation and Order shall presumptively be subject to its terms, however, subsequently joined parties may seek modification of this Stipulation and Order either through further written agreement of all Parties, or upon a showing of good cause, by application to the Court on notice to the other Parties.

11. Process for Amending. This Stipulation and Order may be changed only by further agreement of the Parties in writing or by Order of the Court and is without prejudice to the right of any Party, upon a showing of good cause, to seek modification of this Stipulation and Order by application to the Court on notice to the other Party.

12. Data Security. The Parties shall use reasonable measures to transfer, store, and maintain the documents and information exchanged in this action to prevent any unauthorized disclosure and maintain the security and integrity of electronic data and files.

**STIPULATED TO:**

/s/
By: ______________________
Brian Francolla
100 Church Street
New York, New York 10007

*Attorney for Defendants*

Dated: New York, New York
August 25, 2026

By: ______________________
Benjamin White
BLOCH & WHITE LLP
90 Broad Street, Suite 703
New York, New York, 10004

*Attorneys for Plaintiff*

Dated: New York, New York
August 25, 2026

**The Court retains discretion the discretion to allow disclosure of any subject covered by this stipulation or to modify the terms of this Order in the interest of justice.**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: August 25, 2026
New York, New York